# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **SHANNON DUNCAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | |
| **TD AUTO FINANCE LLC;** | ) | |
| **LLC; PAR NORTH AMERICA** | ) | |
| **INC.; OUTLAW TOWING AND** | ) | |
| **RECOVERY LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Shannon Duncan, in the above-styled cause and for his Complaint against the Defendants states the following:

## PARTIES

1. The Plaintiff, Shannon Duncan ("Duncan") is a resident and citizen of the state of Alabama, Marshall County, and is over the age of twenty-one (21) years.

2. The Defendant, TD Auto Finance LLC ("TD Auto Finance"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama.

1

3. The Defendant, PAR North America Inc. ("PAR"), is a foreign corporation and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Cullman and Marshall Counties, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

4. The Defendant, Outlaw Towing and Recovery LLC ("Outlaw Towing"), is a foreign entity and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The Defendant is engaged in the business of collecting consumer debts by using non-judicial self-help action in the repossession of automobiles from consumers residing in Cullman and Marshall Counties, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## FACTUAL ALLEGATIONS

6. In March 2017, Plaintiff was the owner/co-owner of a 2012 Blue BMW 328i ("the Vehicle" or "the 2012 Vehicle") financed through non-party USAA and a 2007

2

Black BMW 328i (the "2007 Vehicle") financed through Defendant TD Auto Finance.

7. Plaintiff was current on payments with USAA on the 2012 Vehicle and planned to voluntarily surrender the 2007 Vehicle to Defendant TD Auto Finance.

8. In March 2017, Defendant TD Auto Finance contracted with Defendants PAR and Outlaw Towing to obtain physical possession of the 2007 Vehicle via non-judicial self-help means.

9. On or about March 5, 2017, Defendants PAR and Outlaw Towing went to the location in Cullman, Alabama where the vehicles were located.

10. However, instead of taking possession of the 2007 Vehicle, Defendants PAR and Outlaw Towing took possession of the 2012 Vehicle (the wrong vehicle).

11. Upon becoming aware of the missing 2012 Vehicle, Plaintiff contacted the Cullman Police Department and reported it stolen.

12. On advice from the police department, Plaintiff contacted the relevant financing companies and local towing companies to inquire if they had any information on the Vehicle.

13. Plaintiff learned from Defendant TD Auto Finance that it had an order in place with Defendants PAR and Outlaw Towing to repossess the 2007 Vehicle. However, Defendant TD Auto Finance could not locate the Vehicle at this time.

14. Plaintiff then drove around to local tow lots to search for the 2012 Vehicle without

locating it.

15. When Plaintiff arrived back the residence where the 2012 Vehicle was taken, he located the 2012 Vehicle around the block from the residence.

16. At this time, Plaintiff noticed marks on the pavement where the 2012 Vehicle had been taken off the tow truck.

17. The 2012 Vehicle was substantially damaged by Defendants while in the Defendants possession.

18. In addition, the Plaintiff suffered embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

19. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

20. The Defendants were under a duty to implement reasonable procedures in ensuring cars not encumbered by a security interest were not repossessed and a duty not to damage cars in their possession.

21. The Defendants breached that duty by repossessing the Vehicle.

22. As a proximate cause of Defendants' negligence, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANTS

23. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

24. Defendants, with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle.

25. Defendants knew, or should have known, that their actions would likely or probably result in injuries such as those sustained by Plaintiff.

26. As a proximate cause of Defendants' wantonness, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT THREE
## CONVERSION CLAIM AGAINST DEFENDANTS

27. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28. The Defendants did not have a present and immediate right of possession of the Vehicle at the time of repossession.

29. Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of his rightful possession of the Vehicle.

30. At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

31. As a result of the Defendants conduct, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION AGAINST DEFENDANTS

32. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

33. Defendants knew or should have known the status of the Vehicle, including the lack of an enforceable security interest, and the actions herein described which were directed at and visited upon the Plaintiff.

34. Defendants knew or should have known that said actions were improper.

35. Defendants negligently failed to train and supervise agents and employees in order to prevent said improper actions.

36. As a result of Defendants' negligence, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT FIVE
## RECKLESS AND WANTON TRAINING AND SUPERVISION AGAINST DEFENDANTS

37. The Plaintiff adopts the averments and allegations of all the above paragraphs

hereinbefore as if fully set forth herein.

38. Defendants knew or should have known the status of the Vehicle, including the lack of an enforceable security interest, and the actions herein described which were directed at and visited upon the Plaintiff.

39. Defendants knew or should have known that said conduct were improper.

40. Defendants recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

41. As a result of Defendants' recklessness and wantonness, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT SIX
## VIOLATION OF U.C.C. AGAINST DEFENDANT TD AUTO FINANCE

42. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

43. Defendant TD Auto Finance improperly repossessed the Vehicle without a present right to take such action.

44. This conduct violates Alabama Code § 7-9A-101, *et seq*.

45. As a result of this violation, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT SEVEN
## FDCPA CLAIM AGAINST DEFENDANTS PAR AND OUTLAW TOWING

46. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

47. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

48. Defendants took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

49. As a result of Defendant PAR and Outlaw Towing's conduct, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT EIGHT
## INVASION OF PRIVACY AGAINST DEFENDANTS PAR AND OUTLAW TOWING

50. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

51. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.
>
> 15 U.S.C. § 1692(a) (emphasis added).

52. The Defendants undertook and/or directed actions to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said actions were made in disregard for Plaintiff's right to privacy.

53. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of PAR and Outlaw Towing.

54. Said communications constitute the wrongful intrusion into his solitude and seclusion.

55. As a result of Defendants PAR and Outlaw Towing's conduct, the Plaintiff has been deprived of the Vehicle and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

### AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendants as follows:

56. Compensatory and punitive damages against the Defendants;

57. Remedies available against Defendant TD Auto Finance under Alabama Code §7-9A-625, and any other statutory damages under the UCC;

58. Remedies available under the FDCPA against Defendants PAR and Outlaw Towing, including statutory damages, costs and attorneys' fees and any other

compensatory damages pursuant to 15 U.S.C.§1692k; and,

59. Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

/S/ W. WHITNEY SEALS
W. WHITNEY SEALS
Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@plc-law.com

/S/ JOHN C. HUBBARD
JOHN C. HUBBARD
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com